**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**THORNTON DRILLING COMPANY**                                          **PLAINTIFF**

**v.**                               **Case No. 4:06-CV-00851 GTE**

**STEPHENS PRODUCTION COMPANY and**
**NATIONAL UNION FIRE INSURANCE COMPANY**
**OF PITTSBURGH, P.A.**                                                **DEFENDANTS**

**STEPHENS PRODUCTION COMPANY**                          **THIRD PARTY PLAINTIFF**

**v.**

**UNION DRILLING**                                          **THIRD PARTY DEFENDANT**

## ORDER OF TRANSFER

Before the Court is the Motion for Transfer of Venue filed by Defendant and Third Party Plaintiff Stephens Production Company. Plaintiff Thornton Drilling Company has responded and Stephens has submitted a reply brief in further support of its request. After considering the issue, the Court concludes that this case should be transferred to the Western District of Arkansas pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Plaintiff Thornton Drilling Company ("Thornton") brings this action seeking a declaratory judgment that Thornton has no duty to indemnify Stephens Production Company ("Stephens"). Alternatively, Thornton contends that if it is found to have such a duty that its

- 1 -

excess carrier, National Union Fire Insurance Company of Pittsburgh, Inc. ("National"), has the same duty and should indemnify Stephens.

The underlying incident giving rise to the instant dispute occurred in Franklin County, Arkansas, at the location of a well site operated by Stephens and on which Thornton was acting as a contractor. On January 22, 2005, an accident occurred on a rig at the job site.[1] As a result, Eric Stricklin, a Thornton employee, died. A wrongful death action was filed in Ozark, Franklin County, Arkansas.

Stephens settled the wrongful death action for $ 1,705,000. Thornton's primary insurance carrier, Great Northern Insurance Company, provided Stephens with a defense in the action and ultimately contributed the policy limits of $1,000,000 to the settlement. Stephens attempted unsuccessfully to get Thornton to provide a defense and to indemnify it in the action. Thornton conveyed Stephens' demand to Thornton's excess carrier, National Union Fire Insurance Company of Pittsburgh ("National"), but National refused to provide any defense or to indemnify Stephens. National's denial was based in part on the fact that Stephens was not named as an additional insured under the Great Northern policy issued to Thornton.

In this case, the Court will be called upon to resolve the indemnity issues. In addition to the claims asserted in the Complaint, Stephens has filed a Counterclaim and Third Party Complaint seeking to recover the $500,000 it paid to settle the wrongful death action. Stephens contends that Thornton had previously agreed to name Stephens as an additional insured under its policies of insurance but failed to do so. Alleging theories of both breach of contract and negligence, Stephens seeks to recover from Thornton $500,000, plus interest and costs.

---

[1] Plaintiff alleges in its Complaint that "the rig exploded." (Complaint at ¶ 9). Defendant Stephens denies that it exploded, but offers no other explanation for the event leading to Mr. Stricklin's death. (Answer at ¶ 9).

## DISCUSSION

### Applicable Venue Statutes

The general venue statute, 28 U.S.C. § 1391, provides in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> . . .
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Assuming venue is proper, this Court has the authority to transfer the action to a more convenient forum pursuant to 28 U.S.C. § 1404(a). That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

### Venue is proper in either the Eastern or Western District

By statute, Arkansas is divided into two judicial districts known as the Eastern and Western Districts of Arkansas. 28 U.S.C. § 83. Venue is appropriate in either the Eastern or Western Districts of Arkansas.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because both Stephens and National Union are subject to personal jurisdiction in the Eastern District of Arkansas.

Accordingly, both of the corporate Defendants are considered "residents" of this district. 28 U.S.C. § 1391(a)(1) and (c).

Franklin County is the location of the Stephens' job site at issue and the accident giving rise to the wrongful death action, the resolution of which spawned the indemnity claim. Franklin County is located in the Western District's Fort Smith Division. 28 U.S.C. § 83(b)(3). The Western District qualifies as an appropriate venue choice under either § 1391(a)(1) or (a)(2). Venue is appropriate in the Western Division pursuant to either § 1391(a)(1) or (a)(2).

### Application of 28 U.S.C. 1404(a)

Much of Plaintiff Thornton's response opposing a venue transfer hinges on the assumption that Plaintiff's forum should be afforded great weight and its corresponding reference to Defendant's "heavy burden" to disturb Plaintiff's forum selection. Plaintiff overstates both the deference to which its venue choice is entitled and Defendant's burden to disturb it. The Court finds persuasive those cases which have held that "little or no weight should be accorded to a plaintiff's choice of forum where that forum is neither the plaintiff's home forum nor a forum with any significant connection to the dispute." *Production Group Intern., Inc. v. Goldman*, 337 F. Supp. 2d 788 (E.D. Va. 2004)(citations omitted). For whatever reason, Plaintiff has chosen a forum with no connection to the issues in dispute and no apparent or stated connection to the Plaintiff, an Oklahoma corporation, itself. The availability of an alternative forum in Ft. Smith, literally in the Plaintiff's corporate headquarters' "back yard" further neutralizes the customary deference afforded a plaintiff's venue choice.

Additionally, the nature of these proceedings undercuts the customary deference afforded a plaintiff's venue choice. A declaratory judgment, by nature, is a defensive action "which allows the prospective defendants to sue to establish their nonliability." *Beacon Theatres, Inc. v.*

*Westover*, 359 U.S. 500, 504 (1959).  Plaintiff Thornton has filed a declaratory judgment action asking the Court to determine the contractual rights of the parties.  Defendant and Third Party Plaintiff Stephens has alleged and will have the burden to prove negligence and breach of contract to prevail on its indemnity claim.   Accordingly, the normal position of the parties is reversed.

For all of these reasons, the Court concludes that little deference should be afforded Thornton's venue choice.

The statute itself identifies three general categories of factors to be considered when passing on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses, and (3) the interests of justice.  28 U.S.C. § 1404(a).  These are not the only factors a Court may consider, however.  The Eighth Circuit has approved the consideration of "all relevant factors" in making a "case-by-case evaluation of the particular circumstances at hand." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (1997).

Plaintiff Thornton is an Oklahoma corporation with its principal place of business in Pocola, Oklahoma, which is located just across the border from Ft. Smith, Arkansas.  Richard Thornton, who signed the three agreements upon which Plaintiff's claim is based, resides in Alma, Arkansas.  The two Stephens' employees who signed the agreements on Stephens' behalf reside in Muldrow, Oklahoma and Ft. Smith, Arkansas, respectively.  Given the issues in this case, it appears likely that some or all of these witnesses will be important witnesses at trial.

Thornton argues that Stephens has control over its employees and can compel their attendance in the Eastern District of Arkansas. It further argues that because Little Rock and Ft. Smith are a short distance from one another that witnesses will incur no inconvenience traveling to Little Rock.  In fact, the two cities are approximately 160 miles apart, a distance substantially

beyond the Court's 100-mile subpoena range.  The Court rejects Plaintiff's argument that the distance is de minimis.   The extra distance is significant enough that it will impose additional time and expense on parties and witnesses required to make the trip to Little Rock, particularly in light of the fact that if the case is transferred, they will be litigating near where they live and work.

Each and every one of the identified witnesses resides or works within the Western District of Arkansas' compulsory subpoena power while not one of them is subject to subpoena by this Court.[2]  The circumstance that the three identified witnesses are currently employed by the parties who can require their attendance at trial does not mean that this factor – which weighs decisively in favor of transfer – can be ignored.   People change jobs and there is no assurance that all three witnesses will remain employed when this case goes to trial.

Significantly, this is not a case in which a transfer will result in shifting the inconvenience from one side to the other.  Despite the fact that Plaintiff (or Plaintiff's lawyers) have obviously chosen to file suit here, it appears that it would be more convenient to both Plaintiff and Defendant to litigate in the Western District of Arkansas.  Both convenience factors weigh heavily in favor of a transfer.

There are no allegations or contentions that any matters relevant to the resolution of the present dispute occurred in the Eastern District of Arkansas.  Rather, it appears that the Eastern District of Arkansas' only connection to the underlying dispute is that Plaintiff Thornton has elected to bring suit here.  Other courts have held that "the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus

---

[2] Alma, Arkansas is 15 miles from Ft. Smith, but 145 miles from Little Rock.  Muldrow, Oklahoma is 13 miles from Ft. Smith, but 169 miles from Little Rock. (Note: the mileage figures are city-to-city approximations as determined on www.mapquest.com).

of operative facts." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3854, p. 389 (Supp. 2006). Here, all of the operative facts occurred in the Western District of Arkansas. The interests of justice also favor a transfer.

## CONCLUSION

In light of the significant connections between this action and Arkansas' Western District and the complete lack thereof to Arkansas' Eastern District, the Court concludes that Defendant Stephens' request for transfer should be granted.

IT IS THEREFORE ORDERED THAT Defendant Stephens' Production Company's Motion for Transfer of Venue (Docket No. 2) be, and it is hereby, GRANTED. The Clerk of the Court is hereby directed to transfer this case to the Western District of Arkansas, Fort Smith Division. Pursuant to *Nine Mile Limited*, 673 F2d 242 (8th Cir. 1982), the Court finds that twenty (20) days is a "reasonable period of time" to wait before physically transferring the case file.

IT IS SO ORDERED this   6th   day of September, 2006.

                                               /s/Garnett Thomas Eisele
                                              UNITED STATES DISTRICT JUDGE